**UNITED STATES of America,**
**Appellee,**

v.

**Robert ROPER, Defendant–Appellant.**

**No. 05–6213–cr.**

United States Court of Appeals,
Second Circuit.

Jan. 25, 2007.

Carolyn Pokorny (Assistant United States Attorney, Eastern District of New York, Alyssa A. Qualls, Assistant United States Attorney, of counsel, Roslynn R. Mauskopf, United States Attorney, on the brief), Brooklyn, NY, for Appellee.

David E. Patton, Washington Square Legal Services (Jehan Aslam, Laura Padin, Law Students, argued and on the brief, David Klem, on the brief), New York, NY,[1] for Appellant.

PRESENT: Hon. CHESTER J. STRAUB, RICHARD C. WESLEY, Circuit Judges.[2]

### SUMMARY ORDER

Plaintiff–Appellant Robert Roper appeals from a final judgment of the United States District Court for the Eastern District of New York (Sandra Townes, *Judge*), affirming a judgment rendered by Magistrate Judge Cheryl J. Pollack, convicting Roper for the petty misdemeanor of disorderly conduct in a Veterans Affairs hospital, in violation of 38 C.F.R. § 1.218(a)(5). We assume the parties' familiarity with the facts, procedural history, and issues on appeal. For the following reasons, we affirm.

Roper raises two arguments on appeal. First, Roper argues that the specific language in 38 C.F.R. § 1.218(a)(5) on which his charge was based—that part of the regulation which prohibits "[c]onduct on [VA] property which ... unreasonably obstructs the usual use of entrances, foyers, lobbies, corridors [etc.]"—is not appli-

---

1. Law students appearing pursuant to Local Rule 46(e).

2. Due to the recusal of Judge Stefan R. Underhill, District Judge for the District of Connecticut, sitting by designation, this matter is being decided pursuant to Second Circuit Local Rule § 0.14(b) by the two remaining members of the panel, who are in agreement.

**34**

cable to his conduct, because he did not physically block the entrance to the VA hospital. The plain language of the regulation, however, requires not that a defendant physically block entrance to the hospital's facilities, but only that he obstruct their usual use. In this case, the District Court found that Roper unreasonably obstructed the usual use of the hospital's lobby by creating such a commotion that people waiting in line were distracted, and security officers were required to leave their checkpoint to deal with the situation. We agree that this is sufficient to constitute an obstruction of the usual use of the lobby.

Second, Roper argues that the Magistrate erred in not requiring a showing of specific intent—that is, by failing to require a showing that Roper knew that his conduct was obstructing the usual use of the facilities. The regulation is silent as to the level of *mens rea* required to violate it. We do not need to decide the issue today. The Magistrate found that Roper was not only "loud [and] abusive," but also "assaulted [an] officer and violently resisted arrest." Four security officers were required to quell his disruption. Under the circumstances of this case, no reasonable finder of fact could find that Roper was *not* aware that he was disrupting the usual use of the lobby. If the Magistrate erred, then, the error was harmless.

The court notes the able representation of the defendant at oral argument by Jehan Aslam and Laura Padin, law students under the supervision of the defendant's attorney of record. However, for the foregoing reasons, we AFFIRM.